UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PETER SCHAPPACHER, et al.,**

       **Plaintiffs,**                              Case No. 2-05-cv-1151
                                                   JUDGE GREGORY L. FROST
      **v.**                                                Magistrate Judge Terrence P. Kemp

**UNITED STATES OF AMERICA,**

       **Defendant.**

## ORDER

This matter is before the Court for consideration of a Motion to Dismiss (Doc. # 13) filed by Defendant the United States of America ("Defendant"), a memorandum in opposition (Doc. # 17) filed by Plaintiff Peter Schappacher, a minor, by and through his parents and next friends Leo and Mariangela Schappacher ("Plaintiffs"), and a reply.  (Doc. # 20.)  For the reasons that follow, the Court **GRANTS** Defendant's motion.

### A. Background

Peter Schappacher was born on June 11, 2002 at Fayette County Memorial Hospital.  On September 22, 2004, Plaintiffs filed a medical malpractice action in state court against Dr. Richard D. Mizer and others for injuries resulting from Dr. Mizer's allegedly negligent conduct during the birth of Peter Schappacher.  On December 6, 2004, Dr. Mizer removed Plaintiffs' state court case to the United States District Court, Southern District of Ohio, Western Division.  On January 20, 2005, the United States filed consolidated motions to substitute the United States as a party defendant for Dr. Mizer and to dismiss Plaintiffs' claim against the United States for failure to exhaust their administrative remedies.  Plaintiffs then filed an administrative claim with the Department of Health and Human Services ("HHS") on February 10, 2005.  On April

18, 2005, the district court dismissed without prejudice Plaintiffs' claim for failure to comply with §§ 28 U.S.C. 2675(a) and 2401(b) of the Federal Tort Claims Act ("FTCA"), which requires that Plaintiffs first seek an administrative remedy.  On July 12, 2005, HHS sent a letter to Plaintiffs denying Plaintiffs' administrative claim.  On December 23, 2005, Plaintiffs then brought action in this Court.

Plaintiffs' action against Defendant is now brought pursuant to § 28 U.S.C. 2675 of FTCA.  At relevant times, Plaintiffs were aware that Dr. Mizer was an employee of the Southern Ohio Health Services Network ("SOHSN").  Pursuant to § 42 U.S.C. 233 of the Federally Supported Health Care Assistance Act ("FSHCAA"), HHS deemed SOHSN to be an employee of Public Health Service ("PHS") with respect to medical malpractice claims arising within the scope of employment.  Consequently, the FTCA is Plaintiffs' exclusive remedy for medical malpractice claims asserted against Dr. Mizer for his actions within the course and scope of his employment with SOHSN.

The FTCA is a limited waiver of sovereign immunity.  Sovereign immunity, unless waived, bars all suits against the United States and its agencies.  *See, e.g.*, *Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied.  Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope in favor of the sovereign.")  The FTCA waives sovereign immunity to the extent that it authorizes civil actions exclusively in federal courts[1] for money damages against the United States "for injury or loss of property, or personal injury or death caused by any employee of the Government while acting

---

[1] This waiver is subject to certain exceptions. 28 U.S.C. § 2680.

within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Since Plaintiffs' claim arises out of the personal injuries allegedly caused by Dr. Mizer during the course and scope of his employment with SOHSN, Plaintiffs have appropriately premised this cause of action on the FTCA.

### B. Standard of Review

Defendant moves for dismissal of Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). Dismissal is warranted under this rule "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855 (6th Cir. 2003) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). Therefore, the focus is not on whether a plaintiff will ultimately prevail, but rather on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988)). A court considering a motion to dismiss under Rule 12(b)(6) "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir. 2002) (citing *Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998)). A court need not, however, accept as true "legal conclusions or unwarranted factual inferences." *Perry v. American Tobacco Co., Inc.*, 324 F.3d 845, 848 (6 th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987.) With this standard in mind,

the Court will analyze Defendant's motion.

### C. Discussion

**1. The FTCA's Administrative Claim Prerequisite and Statute of Limitations**

A FTCA action cannot be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.[2]" 28 U.S.C. § 2675(a). Thus, a plaintiff must exhaust his or her administrative remedies before he or she brings suit in federal court. *Lundstrom v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (stating that a prerequisite to suit under the FTCA is exhaustion by Plaintiff of administrative remedies).

The failure to present an administrative claim within the two-year statute of limitations period under 28 U.S.C. § 2401(b) bars federal jurisdiction. *See Singleton v. United States*, 277 F.3d 864, 873 (6th Cir. 2002) (citing *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir. 1982)). The Sixth Circuit has stated that "because the statute of limitations in a FTCA is an affirmative defense, the burden is on the government to show that the statute of limitations has run." *Hogan v. United States*, 42 Fed. App'x 717, 722 (6th Cir. 2002).

Here, Plaintiffs argue that their claim is not jurisdictionally barred because Plaintiffs timely filed their administrative claim. Specifically, Plaintiffs contend that HHS denied Plaintiffs' administrative claim on July 12, 2005. Plaintiffs posit that 28 U.S.C. § 2401(b) provides six months to subsequently file their action in federal court. Plaintiffs argue that they

---

[2] This administrative requirement is subject to narrow exceptions, which do not apply in this case. *See* 28 U.S.C. § 2675(a).

timely filed their present cause of action in this Court on December 23, 2005.  Conversely, Defendant argues that Plaintiffs' claim are jurisdictionally barred because Plaintiffs failed to file an administrative claim within the two-year statute of limitations period contained in 28 U.S.C. § 2401(b).  Defendant's argument presupposes the following: (1) the statute of limitations accrued on June 11, 2002, the date of Peter's birth; (2) equitable tolling in not appropriate under the facts of this case; and therefore (3) Plaintiffs had until June 11, 2004 to file their administrative complaint.  Thus, as a prerequisite to this Court's jurisdiction over Plaintiffs' FTCA claim, this Court must first address–in the absence of equitable tolling– whether Plaintiffs filed a timely administrative claim.

The time limits governing claims under the FTCA are contained in 28 U.S.C. § 2401(b), which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Plaintiffs' complaint and argument incorrectly construes the interplay of two statutory provisions contained in 28 U.S.C. § 2401(b) as alternative ways to exhaust Plaintiffs' administrative prerequisites.  (Doc. # 1 ¶ 7.)  This court need not, however, accept as true Plaintiffs' artful pleading that misconstrues the statute of limitations.  *See Perry*, 324 F.3d at 848.  Plaintiffs wrongly imply that their claim is timely because Plaintiffs filed their claim in this Court within six months of the HHS's denial of their claim.  Case law and the legislative history behind the enactment of 28 U.S.C. § 2401(b) supports this Court's conclusion that a plaintiff must *always* file his or her administrative claim with the appropriate federal agency within two-

5

years after the claim accrues; only then is a plaintiff afforded six-months from a written denial of the claim to file a federal court action. *See Pascale v. United States of America*, 998 F.2d 186, 190 (3d. Cir. 1993) (referencing *Improvement of Procedures in Claims Settlement and Government Litigation: Hearings before Subcomm. No. 2 of the House Comm. On the Judiciary on H.R. 13650, 13651, 13652, and 14182*, 89th Cong., 2d Sess. 16 (April 6, 1966)); *Siedschlag v. United States of America*, 171 F. Supp. 2d 716, 718 (S.D. Ohio 2001).

Thus, despite Plaintiffs' contentions, the six-month provision is not a separate ground for this Court's jurisdiction, but rather it is predicated on the fact that Plaintiffs must originally file an administrative claim in a timely manner. In other words, if Plaintiffs filed a claim with HHS beyond two years of accrual, the FTCA's statute of limitations would bar federal jurisdiction regardless of whether Plaintiffs then proceeded to file a claim in this Court within six-months of HHS's notice of written denial. This Court, therefore, must now consider when Plaintiffs' claim against Defendant accrued.

Consistent with Supreme Court precedent, the Sixth Circuit has applied the discovery rule to determine when a cause of action accrues under the FTCA. In a medical malpractice case brought pursuant to the FTCA, the accrual of the cause of action occurs when a plaintiff discovers that he has been injured and discovers who has inflicted the injury. *Siedschlag*, 171 F. Supp. 2d at 718; *see also United States v. Kubrick,* 444 U.S. 111, 122 (1979) (stating that for a cause of action to accrue plaintiff need only know "the critical facts that he has been hurt and who has inflicted the injury.") Moreover, the accrual of cause of action is not postponed because Plaintiff is not aware that the injury was negligently inflicted. *Siedschlag*, 171 F. Supp. 2d at 719; *see also Kubrick,* 444 U.S. at 123.

Here, Plaintiffs argue that an injured party must also have knowledge of a doctor's employment status as a government or private physician in order for cause of action to accrue under the FTCA. Plaintiffs' contentions are misleading. To support their proposition, Plaintiffs quote a portion of the court's opinion in *Siedschlag,* which states "once a plaintiff knows or should know that his injury was caused by the actions of a government physician, the statue of limitations is triggered." *Siedschlag*, 171 F. Supp. 2d at 719. The court in *Siedschlag* makes this statement only after concluding that it was clear in that case that the injury had been committed by a government physician. The *Siedschlag* court did not suggest that the employment status of a doctor must be also known for an action to accrue. Thus, Plaintiffs' argument misstates well-established Sixth Circuit case law.

This Court, therefore, must examine only two crucial facts to determine when Plaintiffs' injury accrued. First, this Court has to consider when did Plaintiffs discover or should have discovered that Peter Schappacher was injured. Second, this Court must determine when Plaintiffs discovered or should have discovered who caused the injury. *Siedschlag*, 171 F. Supp. 2d at 719; *see also Kubrick,* 444 U.S. at 123.

The Complaint (Doc. # 1 ¶¶ 11-22) reveals that Plaintiffs knew or should have known that Peter Schappacher's injuries resulted from the complications surrounding Peter's birth on June 11, 2002 as a result of the allegedly negligent conduct of Dr. Mizer and/or other employees of SOHSN on that day. Thus, based on the Complaint alone, this Court finds that the statute of limitations for Plaintiffs to file an administrative claim with HHS began to accrue on June 11, 2002. The date of accrual dictates whether Plaintiffs filed a timely administrative claim to confer jurisdiction on this Court. The last day of the two-year statute of limitations period

pursuant to 28 U.S.C. § 2401(b) was June 11, 2004.  Therefore, this Court finds that Plaintiffs' administrative tort claim filed on February 10, 2005, was not timely.  The Court also notes that Ms. Schappacher's deposition supports the allegations of the Complaint (Doc. # 1) by showing that Ms. Schappacher knew within days or, at most, a month based on her own observations and information provided to her by health care providers that her son Peter had suffered injuries as the result of complications from his birth.

### 2. Equitable Tolling

Because Defendant in this case has met its burden to show that the statute of limitations has run, the burden now shifts to Plaintiffs to establish an exception to the statute of limitations.  Plaintiffs argue that this Court should apply the doctrine of equitable tolling to the two-year statute of limitations in this case.  *Hogan*, 42 Fed. App'x at 722.  Plaintiffs contend that equitable tolling is appropriate on these facts for two reasons.  First, Plaintiffs maintain that they did not realize and could not have known that Dr. Mizer "had a federal connection and/or that he was covered by the FTCA." (Doc. # 17 at 6.)  Second, according to Plaintiffs, a strict application of the two-year statute of limitations without allowing equitable tolling unconstitutionally deprives the child of his property interest in obtaining legal redress for the harm done to him.  This Court is not persuaded by Plaintiffs' arguments.

Equitable tolling allows an action to proceed despite it having been brought outside the statute of limitations when there exist exceptional circumstances that have prevented timely filing of the action through no fault of the Plaintiff.  *Ayers v. United States*, 277 F.3d 821, 828 (6th Cir. 2002).  In line with Supreme Court precedent, the Sixth Circuit has stated that "[a]lthough equitable tolling may be applied in suits against the government, courts will do so

only 'sparingly' and not when there has only been a 'garden variety claim of excusable neglect.'" *Ayers*, 277 F.3d at 828 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). Thus, there is a rebuttable presumption that equitable tolling does *not* apply to suits against the United States.[3] *Irwin*, 498 U.S. at 96. The Sixth Circuit has stated, however, that a court may apply equitable tolling to FTCA actions after considering the following factors: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Glarner v. United States*, 30 F.3d 697, 701-02 (6th Cir 1994) (quoting *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

Here, Plaintiffs first argue that the statute of limitations should be equitably tolled in this case because Plaintiffs did not realize and could not have known that Dr. Mizer "had a federal connection and/or that he was covered by the FTCA." (Doc. # 17 at 6.) In order for this Court to toll the statute of limitations based on Plaintiffs' ignorance of Defendant's federal employment status, Plaintiffs must show that this information could not have been found by a timely, diligent inquiry. *Motley v. United States*, 295 F.3d 820 (8th Cir. 2002) (finding that the plaintiff was not entitled to equitable tolling because plaintiff was not affirmatively misled as to the federal employment status of the defendant and made no inquiry into defendant's status despite having ample time to find whether the FSHCAA applied to their claim).

The Complaint (Doc. # 1) filed in this case provides no evidence that Dr. Mizer affirmatively misled the Plaintiffs into believing that he was not an employee of PHS who is

---

[3] Defendant incorrectly states that "the Supreme Court held that there is a 'rebuttable persumption'" that equitable tolling applies to suits against the United States." (Doc. # 20.)

9

covered by the FTCA with respect to medical malpractice claims. Plaintiffs made no inquiry as to the employment status of Dr. Mizer. Plaintiffs argue, however, that even if they had made a diligent inquiry, that inquiry would not have "revealed the hidden relationship" because Dr. Mizer "did not consider himself a federal employee, nor did he know he was " 'deemed' " a federal agent. (Doc. # 17 at 7.) This Court is unconvinced by Plaintiffs' argument.

In *Gonzales v. United States*, the First Circuit upheld the district court ruling that the statute of limitations on the plaintiff's claim should not be equitably tolled on the ground that the plaintiff was unaware of the defendants' status as federal employees. 284 F.3d 281, 291-92 (1st. Cir. 2002). The court emphasized that although the plaintiff did not know the federal status of the defendants at the time of her treatment, she and her attorneys had two years in which they could have easily learned it. *Id.* Rather, the plaintiff demonstrated a lack of due diligence when she failed to make any inquiries to confirm the assumption that it was a state case. *Id.*

As in the *Gonzales* case, Plaintiffs also did not exercise due diligence. Their ignorance as to Dr. Mizer's employment status is a result of their own failure to inquire about the employment status of Dr. Mizer regarding medical malpractice claims despite having ample time to do so. This Court finds that Plaintiffs' attempt to justify their decision not to inquire based on mere speculation as to the response that may have been provided is entirely unreasonable. Thus, this Court holds that equitable tolling is not warranted based on Plaintiffs' ignorance of Dr. Mizer's employment status.

Plaintiffs' second argument is that a strict application of the two-year statute of limitations without allowing equitable tolling unconstitutionally deprives Peter Schappacher of his property interest in obtaining legal redress for the harm done to him. The Court also rejects

this argument.

It is well-established rule that the statute of limitations in § 28 U.S.C. 2401(b) of the FTCA contains no legislative exemptions for infants and therefore is not tolled by the claimants infancy. *See, e.g., McCall v. United States*, 310 F.3d 984, 987 (3d. Cir. 2002); *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995) (stating that "[U]nder the FTCA, the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parents knowledge of the injuries is imputed to him.' ") (quoting *Zavala by Ruiz v. United States*, 876 F.2d 780, 783-84 (9th Cir. 1989)). This Court recognizes that a general rule preventing the tolling the statute of limitations during a claimant's infancy in FTCA's actions may cause a harsh result on plaintiffs. This rule, however, is mandated by several considerations. First, courts must strictly interpret the FTCA's statute of limitations to adhere to their purpose of encouraging prompt presentation of claims. *See Kubrick,* 444 U.S. at 117 (stating that courts are not free to construe the FTCA's statute of limitations broadly); *McCall*, 310 F.3d at 988. Second, because the FTCA is a limited waiver of the immunity of the United States and its statute of limitations is a condition of that waiver, courts should not "extend the waiver beyond that which Congress intended." *McCall*, 310 F.3d at 988 (quoting *Kubrick,* 444 U.S. at 117-118.) This conclusion is bolstered when examined against the fact that Congress considered creating a tolling exception for minors under the FTCA's statute of limitations, but ultimately, the amendment failed to make it out of committee. *McCall*, 310 F.3d at 988 (citations omitted). Thus, a court may only equitably toll the statute of limitations for FTCA's claims under exceptional circumstances.

In *McCall*, the court addressed whether the FTCA's statute of limitations could be equitably tolled where the plaintiff was both a minor and was rendered mentally incompetent by

11

the alleged actions of the defendant during the plaintiff's birth. *McCall*, 310 F.3d at 988. The court's decision to adhere to the general rule not to equitably toll the FTCA's statute of limitations during the claimant's infancy was bolstered by the facts of the case. The parents' interest were aligned with that of their son who suffered severe injuries during his birth. The court's conclusion was based on the fact that "within six months of Joseph's tragic birth, his mother consulted with an attorney about obtaining legal relief, and the parents subsequently filed two lawsuits and an administrative claim." *McCall*, 310 F.3d at 988. The court, however, refrained from deciding whether its analysis would have been same if the record revealed that the parents had an interest adverse to the child or could not be expected to make legal decisions in the best interests of the child. *Id*.

Here, despite Plaintiffs' contentions, this Court finds that the interest of the Plaintiffs are aligned with the interests of their son Peter. Like the parents in *McCall*, shortly after Peter's birth, Plaintiffs hired an attorney, filed a lawsuit, and then filed an administrative claim and a subsequent lawsuit. Thus, this Court finds that there is no cognizable conflict of interest between Peter and his parents. Rather, Peter had adequate means of obtaining judicial relief through his parents, who acted on his behalf.[4]

### E. Conclusion

Defendant in this case has met its burden to show Plaintiffs' failed to file a timely administrative claim. Plaintiffs' have failed to state facts that warrant this Court to deviate from the well-established rule that the statute of limitations should not be equitably tolled in FTCA's

---

[4] This Court is not presented with a situation where there is a clear conflict of interest between the child and the parent. That case, however, may warrant equitable tolling during the claimant's infancy and may even raise constitutional concerns.

actions.  Thus, this Court **GRANTS** Defendant's Motion to Dismiss.  (Doc. # 13.)  The clerk shall enter judgment accordingly and terminate this Defendant upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

                                           **/s/ Gregory L. Frost**
                                           **GREGORY L. FROST**
                                           **UNITED STATES DISTRICT JUDGE**